IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE HIGENS and RYAN SCHMIDT, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) | |
| | ) | No. 1:16-cv-03016 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| KRAFT HEINZ FOODS COMPANY, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Catherine Higens and Ryan Schmidt, ("Plaintiffs"), bring this action on behalf of themselves and all other persons similarly situated, through their attorneys, and except as to those allegations pertaining to Plaintiffs or their attorneys, which allegations are based upon personal knowledge, allege the following upon information and belief against Defendant, Kraft Heinz Foods Company ("Defendant" or "Kraft"), a Pennsylvania corporation with a headquarters in Chicago, Illinois:

### PRELIMINARY STATEMENT

1. This case seeks remedies, including actual and punitive damages and injunctive relief, arising from Kraft's advertising and sales of a grated cheese product labeled "100%" Parmesan cheese that in fact contains ingredients other than cheese.

2. On behalf of themselves and all others similarly situated, Plaintiffs bring this case as a class action asserting claims against Kraft for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* (the "ICFA") and all substantially-similar state statutes; breach of express warranty; breach of the implied warranty of merchantability; negligent misrepresentation; and unjust enrichment.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Catherine Higens is a consumer and a resident of the State of Illinois, residing in Cook County.

4. Plaintiff Ryan Schmidt is a consumer and a resident of the State of Florida, residing in Pinellas County.

5. Defendant Kraft Heinz Foods Company is a Pennsylvania corporation co-headquartered in Chicago, Illinois, that conducts substantial sales, distribution and marketing operations in this District.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because the aggregate claims of all members of the putative class exceed the sum or value of $5,000,000, exclusive of interests and costs, and because some of the Plaintiffs and many of the putative class members are citizens of states different from that of Kraft.

7. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims were committed by Kraft in this district.

## FACTS COMMON TO ALL CLAIMS

8. Kraft develops, manufactures, distributes, sells and advertises products, including cheese products, in Illinois and throughout the United States.

9. "Kraft 100% Parmesan Grated Cheese, in the familiar green canister, was first introduced in the United States in 1945." Kraft: What's Cooking, *Kraft 100% Parmesan Grated Cheese History*, http://www.kraftcanada.com/brands/kraft-parmesan-cheese/grated (last visited March 2, 2016).

10. Kraft's grated Parmesan cheese product has been and continues to be sold in supermarkets and other retail outlets in Illinois and across the country.

11. Kraft has consistently marketed its product as containing only Parmesan cheese, and prominently labels it as "100% GRATED PARMESAN CHEESE":



12. Kraft's grated cheese product, however, is not 100% Parmesan cheese.

13. Instead, Kraft's product contains as much as 4% of another ingredient, wood fiber or cellulose.

14. Independent testing found that the product marketed by Kraft as

3

"100%" Parmesan cheese contained as much as 3.9% cellulose, an insoluble, undigestible filler made from wood pulp.[1]

15. Because the product in fact consists of a mixture of cheese and cellulose, the representation on the product's packaging that the product is "100%" Parmesan cheese is false.

16. Kraft has misled and continues to mislead consumers about the composition, contents and quality of its grated cheese product.

17. Plaintiff Catherine Higens purchased Kraft's grated cheese product on many occasions from retail locations in Illinois.

18. Plaintiff Ryan Schmidt has purchased Kraft's grated cheese product on many occasions from retail locations in Clearwater, Florida.

19. Each of the Plaintiffs purchased Kraft's grated cheese product under the impression that said product contained 100% Parmesan cheese, as represented on the label and as advertised.

## CLASS REPRESENTATION ALLEGATIONS

20. Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated as members of the Class, initially defined as follows:

> All persons who purchased Kraft's grated cheese product labeled "100% Parmesan Cheese" on or after three years prior to the filing of this action.

21. Excluded from the Class are Kraft, any entity in which Kraft has a

---

[1] *See* Bloomberg Business, *The Parmesan Cheese You Sprinkle on Your Penne Could be Wood*, http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last visited March 7, 2016).

4

controlling interest, any officers or directors of Kraft, the legal representatives, heirs, successors, and assigns of Kraft, and any Judge assigned to this action, and his or her family.

22. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy requirements under Rule 23 (a).

23. Additionally, prosecution of Plaintiffs' claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A).

24. Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

25. **Numerosity/Impracticality of Joinder**: On information and belief, the Class consists of thousands of people and, thus, is so numerous that joinder of all members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiffs at this time, may be determined through discovery.

26. **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be

determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

    a.    Whether Kraft's grated cheese product contains ingredients other than Parmesan cheese;

    b.    Whether Kraft knew or should have known that its grated cheese product contained ingredients other than Parmesan cheese when it marketed and offered the product to consumers;

    c.    Whether Kraft's false and misleading representation and omission of material facts constitute a deceptive practice under the ICFA and substantially-similar state statutes;

    d.    Whether Kraft was negligent in its representation that its grated cheese product contained 100% Parmesan cheese when it in fact contained an ingredient that is not cheese;

    e.    Whether Kraft created an express warranty when it represented its grated cheese product was 100% Parmesan cheese and/or described its product as 100% Parmesan cheese;

    f.    Whether Kraft breached an express warranty with consumers when its grated cheese product did not conform to its representation and/or description.

    g.    Whether Kraft's grated cheese product was merchantable as warranted and adequately contained, packaged and labeled, or conformed to the promise or affirmation of fact that it was 100% Parmesan cheese as

labeled;

    h.    Whether Kraft breached an implied warranty of merchantability when it sold its grated cheese product represented and labeled as 100% Parmesan cheese but such product did not conform to said representation or description;

    i.    Whether Plaintiffs and the other Class members are entitled to actual damages;

    j.    Whether the Court should award punitive damages;

    k.    Whether Kraft was unjustly enriched by its practice of adding fillers to a product it labeled, marketed and sold as 100% Parmesan cheese;

    l.    Whether Plaintiffs and the other Class members are entitled to restitution;

    m.    Whether Kraft should be enjoined from advertising its grated cheese products as containing "100%" Parmesan cheese when in fact the product contains ingredients other than Parmesan cheese.

27.    **Typicality of claims:** Plaintiffs' claims are typical of the claims of the Class because Plaintiffs and all Class members were injured by the same wrongful practices. Plaintiffs and the members of the Class are all individuals who purchased Kraft's grated cheese product under the impression that said product contained 100% Parmesan cheese, as represented on the label and as advertised. Under the facts of this case, because the focus is upon Kraft's acts and omissions, if any of the Plaintiffs prevail on their claims, then the putative Class members must necessarily

prevail as well.

28. **Adequacy of Representation**: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intends to vigorously prosecute this action. The interests of class members will be fairly and adequately protected by Plaintiffs and their counsel.

29. **Prosecution of Separate Claims Would Yield Inconsistent Results**: Even though the questions of fact and law in this action are predominately common to Plaintiffs and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Kraft to operate under if/when Class members bring additional lawsuits concerning the same misrepresentations regarding Kraft's grated cheese product or choose to make further misrepresentations about its product again in the future.

30. **A Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate**: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual

8

litigation of such cases. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiffs' rights under the laws herein alleged and with respect to the Class would be proper. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2, AND SIMILAR STATE STATUES

31. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiffs bring Count I on behalf of themselves and a class of similarly situated persons pursuant to the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2, *et seq.* (the "ICFA") and substantially-similar consumer protection laws of the states.

33. The ICFA prohibits both unfair and deceptive business acts and practices on the part of entities conducting business with consumers within the State of Illinois.

34. Kraft violated the deceptive acts or practices predicate of the ICFA, and similar state statutes by representing to consumers that its grated cheese product contained 100% cheese, rather than a mixture of cheese and cellulose. Kraft made this representation in conducting business with consumers in the state of Illinois and in other states. This representation was false and constituted a misrepresentation of material fact in violation of 815 ILCS 505/2.

35. Kraft's practice of representing that its grated cheese product is purely or 100% Parmesan cheese is deceptive and harmful to consumers because it is not in fact 100% Parmesan cheese, but contains at least one other additional ingredient.

36. Kraft's failure to provide conspicuous disclosure that its grated cheese product did not contain 100% Parmesan cheese but in fact contained cellulose is an omission of material fact in violation of the ICFA and similar state statutes.

37. Kraft's description of the product as "100%" cheese has been a primary component of its product's labeling for years. Kraft intended for Plaintiffs and other consumers to rely on this description of its grated cheese product when determining to purchase Kraft's grated cheese product rather than other grated Parmesan cheeses.

38. Plaintiffs and the other class members did, in fact, rely on Kraft's representations that the grated cheese product was 100% Parmesan cheese when deciding to purchase Kraft's product.

39. Plaintiffs and the other class members were injured as a direct and proximate result of Kraft's violation of the ICFA and similar state statutes.

40. Kraft's misconduct caused actual damages to Plaintiffs and the other members of the class, including the purchase of a product that was not 100% Parmesan cheese and payment of a premium price for a product that is worth less than it would be if the representation was true.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Kraft, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual or statutory damages to Plaintiffs and the other class members;

C. The that Court award punitive damages to Plaintiffs and the other class members;

D. That the Court enter an injunction prohibiting Kraft from marketing its grated cheese product as consisting of 100% or only Parmesan cheese; and

E. That the Court award attorneys' fees and costs.

## COUNT II

## BREACH OF EXPRESS WARRANTY

41. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

42. Plaintiffs bring Count II on behalf of themselves and a class of similarly situated persons for Kraft's breach of its express warranty that its product consisted of 100% Parmesan cheese.

43. Kraft sold or contracted to sell its grated cheese product to consumers and represented that its product was in fact 100% Parmesan cheese.

44. By affirming and promising that its grated cheese product was 100% Parmesan cheese, Kraft expressly warranted to consumers that its product was of a specified quality and composition.

45. Kraft's description of its grated cheese product as "100% Grated Parmesan Cheese" was the basis of a bargain between it and consumers to whom it

11

sold or contracted to sell its grated cheese product. Consumers sought out Kraft's product because of the express warranty that it was exactly the product Kraft represented it to be—100% Parmesan cheese.

46. Kraft breached this express warranty by selling a product that was not in fact 100% cheese, but was instead a mixture of cheese and cellulose.

47. Plaintiffs and other class members were injured as a direct and proximate result of Kraft's breach of warranty, because they would not have purchased (and would not have paid the purchase price for) the product knowing that the express warranty was false, they paid a price premium for a product subject to the false warranty, and they ultimately received a product that was worth less than it would have been in the warranted condition.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Kraft, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual damages to Plaintiffs and the other class members;

C. The that Court order Kraft disgorge its profits made as a result of Kraft's wrongful conduct toward Plaintiffs and the other class members; and

D. That the Court enter an injunction prohibiting Kraft from marketing its grated cheese product as consisting of 100% or only Parmesan cheese.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

48. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

49. Plaintiffs bring Count III on behalf of themselves and a class of similarly situated persons for Kraft's breach of its implied warranty of merchantability that its product consisted of 100% Parmesan cheese.

50. Article Two of the Uniform Commercial Code, § 2-314, provides that, unless excluded or modified, a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. To be "merchantable," goods must, among other things: "pass without objection in the trade under the contract description;" be "adequately contained, packaged, and labeled as the agreement may require;" and "conform to the promise or affirmations of fact made on the container of label if any."

51. Kraft, through the conduct alleged herein—including but not limited to the practice of labeling and selling the grated cheese product as 100% cheese when it was in fact a mixture of cheese and cellulose—impliedly warranted that its product consisted entirely of Parmesan cheese.

52. Kraft is a merchant with respect to the goods of this kind that were sold to Plaintiffs and the class because Kraft regularly deals in these kinds of goods—including its grated cheese product—or otherwise holds itself out as being knowledgeable or skilled with regard to them.

53. As the manufacturer, supplier, and/or seller of its grated cheese product, Kraft had actual knowledge of the contents and composition of its grated cheese product and the representations made to consumers about its grated cheese product.

54. Kraft breached the warranty implied in the contract for the sale of the goods—its grated cheese product—because the product does not contain the quality, quantity or characteristics of Parmesan cheese as impliedly warranted, and because the product does not conform to the promise made on its labels, that the product consists entirely of cheese.

55. Plaintiffs and the class did not receive goods as impliedly warranted by Kraft to be merchantable because the product did not conform to the promises and affirmations made on its container or label.

56. Plaintiffs and the other class members were injured as a direct and proximate result of Kraft's breach of warranty, because they would not have paid the purchase price for and/or purchased the product knowing the warranty was false, they paid a premium price for a product subject to a false warranty, and they ultimately received a product that was worth less than it would have been in the warranted condition.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Kraft, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual damages to Plaintiffs and the other class members;

C. The that Court order Kraft disgorge its profits made as a result of Kraft's wrongful conduct toward Plaintiffs and the other class members; and

D. That the Court enter an injunction prohibiting Kraft from marketing its grated cheese product as consisting of 100% or only Parmesan cheese.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

57. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

58. Plaintiffs bring Count IV on behalf of themselves and a class of similarly situated persons for Kraft's negligent misrepresentation that its grated cheese product consisted of 100% Parmesan cheese.

59. As alleged, Kraft has falsely represented for years that its grated cheese product is made of 100% Parmesan cheese, when in fact the product contains a mixture of cheese and cellulose.

60. At the time Kraft made this representation, it knew or should have known that the representation was false.

61. Kraft negligently misrepresented and negligently omitted material information about its grated cheese product.

62. Kraft intended that Plaintiffs and other class members rely upon this misrepresentation and omission when deciding to purchase Kraft's grated cheese product rather than other grated Parmesan cheeses.

15

63. Plaintiffs and the other class members did in fact rely on Kraft's misrepresentations and omissions and would not have purchased Kraft's product and/or paid a premium price for the product had they known it did not consist entirely of cheese, or that it contained a mixture of cheese and cellulose.

64. Plaintiffs and the other class members sustained actual harm as a direct and proximate result of Kraft's negligent misrepresentation because they would not have paid the purchase price for and/or purchased the product knowing it was not 100% cheese or contained cellulose, they paid a premium price for a product due to the misrepresentation, and they ultimately received a product that was worth less than it would have been had the misrepresentation been true.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Kraft, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual damages to Plaintiffs and the other class members;

C. The that Court order Kraft disgorge its profits made as a result of Kraft's wrongful conduct toward Plaintiffs and the other class members; and

D. That the Court grant any and further relief it deems just and appropriate.

## COUNT V

## COMMON LAW UNJUST ENRICHMENT

65. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

66. Plaintiffs bring Count V on behalf of themselves and a class of similarly situated persons for Kraft's unjust enrichment at the expense of Plaintiffs and other class members.

67. As alleged, Kraft has falsely represented for years, through labeling and marketing, that its grated cheese product is made of 100% Parmesan cheese, when in fact the product contains a mixture of cheese and cellulose.

68. Kraft's mislabeling and marketing of its grated cheese product as 100% Parmesan cheese violates state and federal food production, labeling and marketing laws and regulations.

69. Mislabeling and marketing a product as 100% cheese, when it in fact contains ingredients other than cheese, constitutes wrongful conduct.

70. Kraft's unlawful conduct as described herein allowed Kraft to knowingly realize substantial revenues from selling its grated cheese product at the expense of, and to the detriment of, Plaintiffs and the other class members. These revenues are and were to Kraft's benefit and enrichment.

71. Kraft's actions and practices have violated the fundamental principles of justice, equity and good conscience.

72. Plaintiffs and the other class members conferred significant financial benefits and paid substantial compensation to Kraft for a product that is not as Kraft represented, labeled and marketed it to be.

73. Under the common law principles of unjust enrichment in Illinois and Florida, it is inequitable for Kraft to retain the benefits conferred by Plaintiffs' and

17

the other class members' overpayments made due to Kraft's wrongful conduct.

74. Plaintiffs and the other class members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiffs and the Class may seek restitution.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Kraft, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the class representatives, and appoint Plaintiffs' counsel as counsel for the class;

B. That the Court award actual damages to Plaintiffs and the other class members;

C. The that Court order Kraft disgorge its profits made as a result of Kraft's wrongful conduct toward Plaintiffs and the other class members; and

D. That the Court grant any and further relief it deems just and appropriate.

Respectfully submitted,

CATHERINE HIGENS and RYAN SCHMIDT, individually and as the representatives of a class of similarly-situated persons,

By: /s/ Phillip A. Bock

Phillip A. Bock
James M. Smith
Julia L. Titolo
BOCK & HATCH, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
phil@bockhatchllc.com
jim@bockhatchllc.com
julia@bockhatchllc.com